UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY J. HORTON,

    Plaintiff,

        v.                      CAUSE NO. 3:21-CV-746-RLM-MGG

MAYES, et al.,

    Defendants.

OPINION AND ORDER

Danny J. Horton, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Horton, who is incarcerated at the Westville Correctional Facility, alleges he was cleaning the inside of his cell's sliding door while incarcerated at the Miami Correctional Facility on the morning of May 12, 2020, when Sgt. Mayes "opened my door as I was cleaning it, 'whipping it down' without any warning, catching my middle finger between the door and wall." ECF 1 at 2. Mr. Horton's finger was severed. Sgt. Mayes told Mr. Horton he had asked over the intercom that the door be opened, but

Mr. Horton didn't hear him because the intercom was broken. Lt. Porters drove Mr. Horton to Howard Hospital and then to St. Vincent's Hospital in Indianapolis to get medical treatment; but Lt. Porters "forgot [his] finger at Howard Hospital." *Id*. at 3.

Mr. Howard alleges that the intercom had been broken since he originally moved into the cell. Mr. Horton grieved the issue,[1] and William Hyatte, the Miami Correctional Facility warden, ultimately responded by moving him to a new cell with an intercom rather than fixing the broken one. The new cell was on a different unit, where he was let out only to shower. He had no access to the law library. Mr. Horton has sued Sgt. Mayes, Warden Hyatte, and Lt. Porters for monetary damages.

To establish a violation of the Eighth Amendment, a plaintiff "must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004). The prisoner must satisfy both an objective and subjective component by showing: (1) there was a substantial risk of serious harm to him; and (2) the defendant acted with deliberate indifference to that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a

---

[1] Mr. Horton alleges the Grievance Specialist, who is not named as a defendant in this action, found his grievances to be untimely, but Mr. Horton insists they were turned in by the deadline.

plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Figgs v. Dawson, 829 F.3d 895, 903 (7th Cir. 2016); *see also* Pierson v. Hartley, 391 F.3d at 902 ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk.").

Mr. Horton hasn't alleged facts from which it can be plausibly inferred that Sgt. Mayes acted with deliberate indifference when he opened the cell door. Even if he flung the door open without warning, there is no indication Sgt. Mayes knew Mr. Horton's finger would be caught in it. At most, Mr. Horton has alleged Sgt. Mayes was negligent, which doesn't amount to a violation of the Eighth Amendment. *See e.g.* Figgs v. Dawson, 829 F.3d at 903.

The same is true of Lt. Porters's conduct. He alleges Lt. Porters drove him to not one but two hospitals seeking medical care. That that Lt. Porters "forgot" to bring his finger to the second hospital is indicative of negligence rather than deliberate indifference, so these allegations don't amount to an Eighth Amendment violation, either. *See e.g.* Eagan v. Dempsey, 987 F.3d 667, 688 (7th Cir. 2021) ("An inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.") (quoting Estelle v. Gamble, 429 U.S. 97, 105–106 (1976) (bracket and internal quotation marks omitted)).

Mr. Horton alleges Warden Hyatte responded to his complaints about broken intercom by transferring him to a different cell—with a working intercom—rather

than fixing it. Although Mr. Horton apparently would have preferred to have the intercom in his old cell fixed, he admits Warden Hyatte responded to his concern, so it can't be plausibly inferred that Warden Hyatte was deliberately indifferent to any unspecified needs Mr. Horton may have had related to the availability of an intercom. *See e.g.* Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage.") (brackets and citation omitted).

To the extent Mr. Horton is complaining about the cell transfer itself, the Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "[I]nmates have no liberty interest in avoiding transfer to discretionary segregation— that is, segregation imposed for administrative, protective, or investigative purposes." Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008) (citing Lekas v. Briley, 405 F.3d 602, 608–609 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also* DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); Healy v. Wisconsin, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates

do not have a protected liberty interest in a particular security classification.") (citing Sandin v Connor, 515 U.S. at 486).

Mr. Horton hasn't alleged he was transferred to a specific segregation unit as part of any disciplinary proceeding. Rather, according to the complaint, his placement was implemented as part of an administrative procedure designed to resolve the issue with the intercom. Moreover, although he claims he was only given access to showers outside of his new cell and wasn't allowed to visit the law library, these allegations do not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life, so he hasn't stated a due process claim. *See* Sandin v. Connor, 515 U.S. at 484.[2]

Finally, Mr. Horton complains the Grievance Specialist improperly determined his grievances were untimely. He hasn't named the Grievance Specialist as a defendant, but even if he had, these allegations wouldn't state a claim on which relief can be granted. *See* Est. of Miller by Chassie v. Marberry, 847 F.3d 425, 428 (7th Cir. 2017) ("[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies.") (citing Burks v. Raemisch, 555 F.3d 592 (7th Cir. 2009)); *see also* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008)

---

[2] To the extent Mr. Horton is trying to sue Warden Hyatte for damages due to his finger being severed, he can't do so because he hasn't alleged that Warden Hyatte had any involvement in the matter. *See* J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020) (officials can't be held liable simply because they hold supervisory positions at the prison); *see also* Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018) and Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility, and supervisory defendants can't be held liable for the misdeeds of other prison staff).

(noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Mr. Horton's complaint doesn't state any valid claims. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." uuuu, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on May 12, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT
